**Affirmed and Memorandum Opinion filed March 14, 2023.**



**In The**

# Fourteenth Court of Appeals

## NO. 14-21-00696-CV

**NANCY  JUDITH  FRANCO, Appellant**

**V.**

**ARTEMIO OROZCO, Appellee**

**On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2020-79679**

## MEMORANDUM  OPINION

Appellant, Nancy Judith Franco, appeals the trial court's final decree of divorce, arguing (1) the trial court abused its discretion rendering an order that did not comply with the terms of the mediated settlement agreement and (2) the "trial court's judgment based on the arbitration agreement should be overturned."  We affirm.

BACKGROUND

Franco filed her original petition for divorce in December 2020. Appellee, Artemio Orozco, filed his counterpetition for divorce in January 2021. On June 17, 2021, the parties entered into a mediated settlement agreement ("MSA") that was reached in mediation with Tom King. Among other things, the MSA provided that the parties agreed to (1) use realtor Alfredo Gomez to sell several marital real properties and then divide the sale proceeds equally; and (2) "immediately comply with any legal obligations or tasks necessary to transfer [the real property] assets to the awarded party." Franco informed Orozco that Gomez "declined" to sell the parties' real properties, so Orozco located a new realtor to complete the sale. The new realtor identified errors in the property deeds and recommended real estate attorneys who could correct the documents.

A dispute arose between the parties regarding which realtor should handle the property sale and if a real estate attorney should correct documents. Arbitration was scheduled with King for August 2021. However, Franco hired new counsel, Mahoney, who informed Orozco that (1) he "cannot agree" to the scheduled arbitration because of concerns about King's impartiality, and (2) he intended to file a motion for new trial or a motion to set aside the MSA "based on the 'evident partiality' standard." Mahoney claimed that Orozco's attorney, Davis, failed to disclose before the mediation with King that she had a working relationship with King. In response, Mahoney received emails showing that (1) Davis had disclosed to Franco's first counsel in February and May 2021 that Davis "was an intern with Mr. King previously"; (2) Franco's first counsel stated he had "no objection to Tom King as the mediator in this case"; (3) Davis via phone disclosed to Franco's second counsel "that she had been an intern for Tom King"; and (4) "King stated before the mediation began on [Z]oom that [Davis] was an

intern in front all the parties and counsel" and there were no objections from Franco or her second counsel.

Orozco filed a motion to compel arbitration on July 29, 2021, contending that (1) the MSA "contained a requirement that all disputes regarding the MSA be submitted to arbitration"; (2) the "arbitration agreement, as part of the MSA, was made in consideration of settlement on Final Orders of all matters regarding this divorce proceeding" and Orozco "fully performed all of his duties under the MSA"; (3) the "arbitration agreement does not specify whether the arbitration agreement is governed by the Federal Arbitration Act (FAA) or the Texas Arbitration Act (TAA)"; (4) "[o]n July 1, 2021, a dispute arose between the parties relating to the subject of the MSA" after the agreed-upon realtor declined to sell the parties' properties; (5) Franco "refused to allow Ms. Combs [a realtor Orozco located] to handle the property sales and also refused to agree on a real estate attorney that would correct the" documents; and (6) Franco's "refusal was in direct violation of the MSA."

Franco filed her response to Orozco's motion to compel arbitration on August 6, 2021, incorrectly alleging that she "learned of a working relationship between the mediator and the attorney for [Orozco] that was not disclosed prior to the mediation" and "[t]his relationship and the lack of disclosure leads [Franco] to question the partiality of the mediator." On August 9, 2021, Orozco filed a reply as well as a motion for sanctions against Mahoney, Franco's third and current counsel. In his motion, Orozco argued, among other things, that "Mahoney's response is factually incorrect and wrongfully accuses" Davis of "not disclosing her previous working relationship with Mediator, Tom King." On August 16, 2021, Franco filed a response to Orozco's motion for sanctions, requesting the trial court vacate the MSA, "order[] the parties to return to a neutral mediator," and

impose sanctions against Orozco and Davis.

On August 23, 2021, the trial court signed an order granting Orozco's motion to compel arbitration and motion for sanctions but denying Franco's motion for sanctions. In its order, the trial court made the following findings in support of the sanctions imposed:

> The evidence presented in the motion, response, and replies make[s] clear disclosure of the prior professional relationship between counsel for Respondent and the mediator/arbitrator prior to mediation and that Petitioner, subsequent to disclosure, agreed to the mediator and then signed off on the agreement that appointed the mediator as the arbitrator of any disputes. Therefore, the allegations are impropriety and bias [sic] are without merit and sanctionable.

The court ordered "that the parties immediately schedule arbitration of this case with Tom King in accordance with the Mediated Settlement Agreement and that the arbitration be submitted to the arbitrator." The parties attended arbitration and King signed an arbitration award on August 30, 2021. The next day, Franco filed a motion to stay the arbitration award and request to enter a final divorce decree in accordance with the MSA. On September 2, 2021, Orozco filed a motion for rendition of judgment on the mediated settlement agreement "under Texas Family Code section 6.602(c) or 153.0071(e)."

The trial court signed an Agreed Final Decree of Divorce on September 15, 2021. Franco filed a motion for new trial on October 15, 2021, which was denied by operation of law. Franco filed her notice of appeal on December 2, 2021.

## ANALYSIS

Franco presents two issues on appeal. We begin our analysis by addressing her second issue before turning to her first issue.

4

## I.    Arbitration Agreement

In her second issue, Franco argues that the trial court's judgment based on the arbitration agreement should be overturned and that "there was a statutorily compliant MSA and the trial Court erred in ignoring that MSA and ordering the parties to arbitrate when there was no binding agreement between the parties to do so." In particular, Franco asserts that the "clear language of the agreement [MSA] does not require the parties to return to the mediator as an arbitrator."

> A mediated settlement agreement is binding on the parties if the agreement:
>
> > (1) provides, in a prominently displayed statement that is in boldfaced type or capital letters or underlined, that the agreement is not subject to revocation;
> >
> > (2) is signed by each party to the agreement; and
> >
> > (3) is signed by the party's attorney, if any, who is present at the time the agreement is signed.

Tex. Fam. Code Ann. §§ 6.602(b); 153.0071(d).

The parties agree and the record confirms that they entered into a valid, binding MSA because the three elements outlined above are met. But Franco disputes that the parties in the MSA agreed to arbitrate and "return to the mediator as an arbitrator." With respect to arbitration, the parties' MSA provides in pertinent part:

> 2.    Regarding future Arbitration in this case, if any dispute arises with regard to the interpretation or performance of this agreement or any of its provisions, including the necessity and form of closing documents, the parties agree to try to resolve the dispute by video or phone conference with the mediator who facilitated this settlement in an online video session per the rates and schedule provided via the www.tomking.com [sic]. Any disputes regarding drafting shall be resolved whenever possible by reference to [the] latest version of the *Texas Family Law Practice Manual*.

3.   This agreement is made and performable in Texas county [sic] listed above in the styling of this case and must be construed in accordance with Texas law.

*          *          *

9.   REGARDING THIS MEDIATOR AND MEDIATION: . . . SHOULD ARBITRATION OF THIS MEDIATION BE NECESSARY, THE PARTIES AGREE TO USE MEDIATOR THOMAS A. KING IN AN ADDITIONAL ARBITRATION SESSION AND COST [SIC] AS PER HIS WEBSITE AT WWW.TOMKING.COM FOR AMOUNTS INDICATED ON SAID WEBSITE.

(Emphasis in original).

Based on the language in the MSA, we conclude that the parties agreed to arbitrate with mediator King in the event disputes arose with regard to the interpretation or performance of the MSA or any of its provisions.[1] *See MacIvor v. Zuehl Airport Flying Cmty. Owners Ass'n*, No. 04-10-00053-CV, 2010 WL 2298906, at *3-4 (Tex. App.—San Antonio June 9, 2010, no pet.) (mem. op.); *cf. Milner v. Milner*, 361 S.W.3d 615, 617 (Tex. 2012).  Therefore, we reject Franco's assertion that there was no agreement in the MSA to arbitrate with King.

Within her second issue, Franco further argues that the arbitrator abused his discretion and showed partiality towards Appellee's counsel when he permitted Appellee's witnesses to stay and observe the proceedings despite the parties' agreement to exclude outside witnesses from the proceedings.  Franco's evidence in support of this allegation is the following language in the arbitrator's award:

9.   Attorney Matt Mahoney appeared with his Petitioner client [Franco].  Attorney Scott Poerschke appeared with his Respondent client [Orozco] and also brought a realtor and a real estate attorney as

---

[1] Franco does not dispute that the disagreements here "ar[ose] with regard to the interpretation or performance of this [MSA] or any of its provisions, including the necessity and form of closing documents."

witnesses. Consistent with the guidance provided by this Arbitrator, [Orozco's] request for these witnesses to participate was DENIED. This Arbitrator suggested they remain and observe with their microphones muted in case the Arbitration subsequently turned into a Mediation. They complied and remained merely to observe, without objection from either side.

While this paragraph fails to establish the parties had agreed to exclude outside witnesses, it does establish that Franco did not object after King suggested that Orozco's two witnesses "remain and observe with their microphones muted"; she cannot now complain that King "permitt[ed] Appellee's witnesses to stay and observe the proceedings." *See* Tex. R. App. P. 33.1(a) (to preserve complaint for appellate review, there must be a timely request, objection, or motion with sufficient specificity to make trial court aware of the complaint).

Additionally, Franco failed to cite any authority that supports her contention that permitting a party's witnesses to stay and observe the arbitration proceeding evidences an arbitrator's partiality. *See id.* 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). Franco further fails to explain how permitting witnesses to observe the proceeding was harmful to her when the witnesses did not participate in the proceeding. *See id.*; *see also id.* 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals.").

Accordingly, we overrule Franco's second issue.

## II. Divorce Decree in Compliance with the MSA

Franco contends in her first issue that the "trial court abused its discretion by

not rendering an order in compliance with the terms of the MSA." Specifically, Franco states that (1) the court was required to enter judgment pursuant to the MSA, (2) the court's order does not comply with the MSA, (3) the court's order should therefore be overturned, and (4) a new order complying with the MSA should be rendered. However, Franco does not provide any argument or citations to the record in support of this contention. *See id*. 38.1(i). Franco also fails to explain how the divorce decree fails to comply with the MSA, particularly given that it incorporates the arbitration award (issued pursuant to the MSA and to which the parties agreed). *See id*.

Accordingly, we overrule Franco's first issue.

## CONCLUSION

We affirm the trial court's Agreed Final Decree of Divorce.


/s/     Meagan Hassan
Justice


Panel consists of Chief Justice Christopher and Justices Wise and Hassan.